## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JUSTIN SPIEHS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 25-4089-JAR-GEB** |
| **v.** | ) | |
| | ) | |
| **KELLY JONES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT KELLY JONES' MOTION TO DISMISS

**I.    Statement of Nature of the Matter Before the Court and Relief Sought.** No factual allegations are presented in Plaintiff's Complaint (ECF No. 1) that establish any plausible claim against Defendant Jones based on any asserted legal theory. "There is significant governmental interest in conducing orderly, efficient meetings of public bodies."[1] "For a school board to function, it must be able to keep its meeting in order[.]"[2] This includes allowing a presiding officer to make judgment calls and "regulate irrelevant debate."[3] Plaintiff asserts claims against Defendant Jones because she served as board president and was forced to make those judgment calls when Plaintiff failed to abide by the policies and procedures of USD No. 497. Plaintiff's claims against Defendant Jones should be dismissed based on the doctrines of qualified immunity, due to lack of standing and/or mootness, lack of supplemental jurisdiction and because such claims otherwise fail to state a claim upon which relief can be granted.

---

[1]    Rowe v. City of Cocoa, Fla, 358 F.3d 800, 803 (11th Cir. 2004).
[2]    Lowery v. Jefferson Cnty. Bd. of Educ. 586 F.3d 427, 436 (6th Cir. 2009).
[3]    Jones v. Heyman, 888 F.2d 1328, 1333 (11th Cir. 1989).

II.     **Statement of Facts.**[4]  At the dismissal stage, the facts are generally limited to those set forth in the pleadings including any written documents referenced therein as well as any public information about which the Court may take judicial notice without converting this motion into one for summary judgment.[5]   The following facts, as opposed to conclusory allegations, are material to the motion before the Court:

1.     USD No. 497 is a unified school district and governmental subdivision of the State of Kansas, duly organized and existing pursuant to Article 6, § 5 of the Constitution of the State of Kansas and K.S.A. 72-1131, *et seq.*, which is governed by a board of education authorized to act by motion or resolution regular or special meetings that are open to the public.[6]

2.     KOMA confers no constitutional rights[7] and nothing in KOMA requires board meetings to be in-person nor is there any right for a member of the public to be ***physically*** present, participate in or comment during a board meeting.[8]

3.     Defendant Kelly Jones is a former president and member of the USD 497 Board of Education.  Complaint (ECF No. 1), Caption, p. 1; p. 93, ¶ 221.

4.     On January 13, 2025, Plaintiff attended a school board meeting via Webex and used his allotted time to talk about foul language.  Complaint (ECF No. 1), ¶ 59.

---

[4]     These facts are admitted solely for purposes of this motion and should not be deemed admissions for purposes of trial.  Wright, Miller & Kane, Fed.Prac. & Proc. § 2722 at 48.

[5]     "Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment….At any stage of the proceedings the court may take judicial notice of a fact which is not subject to reasonable dispute, a requirement that is satisfied if the fact is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"  JP Morgan Trust Co. Nat. Ass'n v. Mid-America Pipeline Co., 413 F.Supp.2d 1244, 1258 (D.Kan. 2006) (quoting Fed.R.Evid. 201(b)(2)); see also Bain v. Continental Title Holding Company, Inc., No. 16-2326-JWL, 2017 WL 264545, at *1 (D.Kan. Jan. 20, 2017) (citing Tal v. Hogan, 453 F.3d 1244, 1264-65, n.24 (10th Cir. 2006)).

[6]     K.S.A. 72-1138; KOMA, K.S.A. 75-4317 through 75-4320a.

[7]     Boster v. Philpot, 645 F. Supp. 798, 808 (1986).

[8]     Complaint (ECF No. 1), p. 45 ¶ 188; K.S.A. 75-4317a; Kansas Attorney General Opinion 2005-3 & 2011-23; K.A.R. 16-20-1; see Kansas Attorney General Frequently Asked Questions about KOMA Q: "Does a group subject to the KOMA have to allow the public to speak at all meetings?"  A:  "No.  The KOMA does not require that the public be allowed to talk at public meetings; unless some other law requires it, whether to allow the public a chance to speak at public meetings is a policy decision." - https://ag.ks.gov/open-government/koma-faq.

5.    On January 27, 2025, Plaintiff attended a USD No. 497 school board meeting via Webex and spoke during the public comment period though he contends his mic was muted before his allotted time ended. Complaint (ECF No. 1), ¶ 66.

6.    On February 10, 2025, Plaintiff attended and spoke at a USD No. 497 school board meeting via Webex though he contends his mic was muted before his allotted time ended. Complaint (ECF No. 1), ¶¶ 90 & 93.

7.    Plaintiff attended the February 24, 2025 USD No. 497 board of education meeting via Webex and was allowed to speak though he contends his mic was muted before his allotted time ended. Complaint (ECF No. 1), ¶ 100.

8.    On March 10, 2025, Plaintiff attended a USD No. 497 school board meeting via Webex and spoke during the public comment portion though he contends his mic was muted before his allotted time ended. Complaint (ECF No. 1) ¶ 114.

9.    On March 24, 2025, Plaintiff attended the USD No. 497 board of education meeting via WebEx though he contends he was cut off before his allotted time ended.   Complaint (ECF No. 1) ¶ 124.

10.    On April 14, 2025, Plaintiff attended the USD No. 497 board of education meeting via Webex and spoke during the public comment portion of the meeting though he contends he was cut off before his allotted time ended. Complaint (ECF No. 1) ¶ 145.

11.    On May 12, 2025, Plaintiff attended the USD No. 497 board of education meeting via Webex and spoke during the public comment portion of the meeting though he contends he was cut off before his allotted time ended.  Complaint (ECF No. 1) ¶ 178.

12.     On May 27, 2025, Plaintiff attended the USD No. 497 board of education meeting via Webex and spoke during the public comment portion of the meeting though he contends he was cut off before his allotted time ended.  Complaint (ECF No. 1) ¶ 182.

13.     On June 9, 2025, Plaintiff attended the USD No. 497 board of education meeting via Webex and spoke during the public comment portion of the meeting though he contends he was cut off before his allotted time ended.  Complaint (ECF No. 1) ¶ 193.

14.     On June 23, 2025, Plaintiff attended the USD No. 497 board of education meeting via WebEx and was allowed to speak.   Complaint (ECF No. 1) ¶ 197.

15.     On July 14 2025, Plaintiff attended the USD No. 497 board of education meeting via Webex and spoke during the public comment portion of the meeting though he contends he was cut off before his allotted time ended.  Complaint (ECF No. 1) ¶ 201.

16.     On July 28, 2025, Plaintiff attended the USD No. 497 board of education meeting via WebEx and was allowed to speak though he contends he was cut off before his allotted time ended.   Complaint (ECF No. 1) ¶ 204.

17.     On August 11, 2025, Plaintiff attended the USD No. 497 board of education meeting via WebEx and was allowed to speak though he contends he was cut off before his allotted time ended.   Complaint (ECF No. 1) ¶ 214.

18.     On August 25, 2025, Plaintiff attended the USD No. 497 board of education meeting via WebEx and was allowed to speak though he contends he was cut off before his allotted time ended.   Complaint (ECF No. 1) ¶ 217.

## III.     <u>Argument and Authorities</u>.

A. **Legal standards applicable to a motion to dismiss**. To avoid dismissal, a plaintiff must plead "facts to state a claim to relief that is plausible on its face."[9] Plaintiff must provide more than just speculative allegations and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ."[10] A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] Facial plausibility exists only when factual content is plead that allows the court to reasonably infer that the specifically named defendant is liable for the misconduct alleged.[12] However, the court is not required to accept plaintiff's conclusory allegations or legal conclusions as true.[13]

"A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[14] Thus, the Tenth Circuit utilizes a two-step process to analyze a motion to dismiss.[15] First, the court must identify conclusory allegations not entitled to the assumption of truth.[16] Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief.[17] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations', but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[9] Bell Atl. Corp v. Twombly, 550 U.S. 544, 547 (2007).
[10] Id. (internal citations omitted).
[11] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
[12] Id.
[13] See Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Twombly, 550 U.S. at 557 (a plaintiff cannot rely on conclusory allegations of a violation but must provide "factual enhancement" of how the alleged violation occurred to support her claims); Duckworth v. City of Kansas City, 243 Kan. 386 (1988); HoKanson v. Lichtor, 5 Kan.App.2d. 802 (1981) (legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness); Kruse v. Hawaii, 857 F. Supp. 741, 749 (D. Hawaii 1994) (legal conclusions made by the parties are not taken as true).
[14] Iqbal, 556 U.S. at 680.
[15] Hall v. Whiteman, 584 F.3d 859, 863 (10th Cir. 2009).
[16] Id.
[17] Id.

accusation."[18]  "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss."[19]  Facts not alleged may not be presumed.[20]  A plaintiff must set forth factual allegations respecting each material element necessary to sustain recovery under some actionable legal theory.[21]

**B.    Defendant Jones is entitled to dismissal of the claims asserted against her by Plaintiff.**  Plaintiff is suing Defendant Jones, merely because she served as board president for USD No. 497 and thereby drew the proverbial short-straw by having to preside over the disruptive behavior engaged in by Plaintiff and his refusal to follow certain policies and procedures adopted by USD No. 497's board of education during board meetings.  Defendant Jones cannot be held liable under § 1983 for the alleged actions of other Defendants or unnamed individuals/entities[22] and, based on the plead facts, she cannot be liable under any of the legal theories upon which Plaintiff's § 1983 claims are premised entitling her to dismissal from this lawsuit.

**1.    Any claim for equitable relief against Defendant Jones is moot.**  Defendant Jones is no longer the board president and no longer has the authority to preside over board meetings.  Again, Defendant Jones is being sued "in her ***individual capacity***" as a "former USD 497 President of the Board of Education".[23]  Under Kansas law, the only statutory authority given to an individual board member is the power to: (1) make and vote on motions or resolutions during an open public board meeting (with such motion or resolution

---

[18]    Iqbal, 556 U.S. at 678.
[19]    Id. at 687 (citations omitted).
[20]    Gallardo v. Board of County Commissioners, 857 F.Supp. 783, 786 (D.Kan. 1994).
[21]    Id. at 787.
[22]    See Schneider v. City of Grand Junction Police Dept.,717 F.3d 760, 767 (10th Cir.2013) (quoting Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011)); see also Iqbal, 556 U.S. at 676 ("a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution")
[23]    Complaint (ECF No. 1), p. 1 Caption (emphasis added).

requiring the affirmative vote of, at least, three (3) other board members to pass); and (2) to call, with, at least, two (2) other board members, for a special meeting of the board.[24]  Unless otherwise elected as an officer or appointed to some other statutorily authorized position by the board, an individual board member has no authority to take any action on behalf of USD No. 497.[25]  Under Kansas law, the board president "shall preside at meetings of the board and perform such other duties as are provided by law" such as call for a special meeting of the board.[26]  Because she is no longer board president, Plaintiff's claims against Defendant Jones are moot.

Plaintiff's claims for prospective relief are also moot to the extent they are premised on prior versions of Board policies, including Board Policy BCBI, which have been subsequently modified or amended and are no longer in effect.  This includes his claims for declaratory or injunctive relief based on prior versions of the policies at issue.  Defendant Jones also lacks the capacity to effectuate the equitable relief sought as she, by herself, cannot adopt, amend or rescind policies or procedures adopted by the school board as a whole and therefore, is not a proper defendant to such claims for relief.

2.    **Dismissal should occur based on qualified immunity.**    Qualified immunity is a question of law for the Court's determination.[27]  It is a complete defense to suit and should be determined at the earliest possible stage in the litigation before any further proceedings in the matter, including discovery, are allowed.[28]  The doctrine shields government officials, such as Defendant Jones, from personal liability under § 1983 "unless [her] conduct violates 'clearly

---

[24]    K.S.A. 72-1138(a); K.S.A. Kansas Open Meetings Act ("KOMA"), 75-4317 through 75-4320a.
[25]    See e.g., K.S.A. 72-1133, 72-1137 & 72-6117(c)
[26]    K.S.A. 72-1133(b) & 72-1138(a).
[27]    Mitchell v. Forsyth, 472 U.S. 511, 528 n. 9 (1985).
[28]    Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1986) ("one of the purposes of the Harlow qualified immunity standard is to protect public officials from the broad-ranging discovery that can be particularly disruptive of effective government. [citation omitted] For this reason, we emphasize that qualified immunity questions should be resolved at the earliest possible stage of a litigation."); see also Hunter v. Bryant, 502 U.S. 224, 227 (1991).

established statutory or constitutional rights of which a reasonable person would have known.'"[29] To overcome qualified immunity, Plaintiff must overcome a "heavy two-part burden."[30]  Plaintiff must show (1) "that the defendant's actions violated a constitutional or statutory right" and (2) that the right "allegedly violated [was] clearly established at the time of the conduct at issue."[31]

>    **a.    No clearly established precedent (U.S. Supreme Court, Tenth Circuit or otherwise) would cause a reasonable government official in Defendant Hill's position to understand that any alleged action or inaction by her would have violated Plaintiff's rights under the First or Fourteenth Amendment.**  For a violation to be clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."[32]  "[C]learly established law [is not defined] at a high level of generality."[33] Instead, "the clearly established law must be 'particularized' to the facts of the case."[34]  "The dispositive question is whether the violative nature of *particular* conduct is clearly established."[35]  "A government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[36]  Plaintiff cannot meet this burden.

>    **b.    No plead facts establish that Defendant Jones violated a constitutional right or otherwise state a claim upon which relief can be granted.**[37]  To establish

---

[29]    Baptiste v. JC Penney Co., Inc., 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).
[30]    Albright v. Rodriquez, 51 F.3d 1531, 1534 (10th Cir. 1995).
[31]    Id.
[32]    Morris v. Noe, 672 F.3d 1185, 1196 (10th Cir. 2012).
[33]    Iqbal, 563 U.S. at 742.
[34]    White v. Pauly, 580 U.S. 73, 79 (2017) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).
[35]    Mullenix v. Luna, 577 U.S. 7, 12 (2015) (quoting Ashcroft 563 U.S. at 742).
[36]    Iqbal, 563 U.S. at 741.
[37]    Plaintiff makes no claim that Defendant Jones, or any other Defendant, violated federal statute.

a § 1983 claim, a *prima facie* showing must be made that: (1) an act or omission deprived Plaintiff of a right, privilege, or immunity secured by the U.S. Constitution or federal law; and (2) the act or omission was done by a person acting under color of law.[38]  As previously noted, Plaintiff generally asserts that certain of his constitutional were violated by Defendant Jones (and/or other Defendants), because he: (1) is not allowed to be physically on USD No. 497's property; (2) is required to follow certain policies and procedures when speaking to the board during board meetings; (3) was unable to finish his comments on a few occasions when he failed to abide the board's policies and procedures; and (4) was limited in his ability to attend church services held on school property.  Defendant Jones is not personally responsible for USD 497's allegedly unconstitutional policies, procedures or practices that Plaintiff contends caused him injury.  With respect to a § 1983 claim, "a public official is only liable for his own misconduct."[39]  Moreover, Defendant Jones cannot be liable under § 1983 because she was not the final policymaker for USD No. 497.[40]

Plaintiff's claims all center on his desire to engage in unfettered speech during school board meetings and to be allowed on school property, in-person and without restriction.  Neither the First nor the Fourteenth Amendment confer such a right.  USD No. 497 is entitled to "legally preserve the property under its control for the use to which it is dedicated" and can "confin[e] a forum to the limited and legitimate purposes for which it was created."[41]  Plaintiff does not have a

---

[38]    Marshall Cnty. Bd. Of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Section 1983 does not create any substantive rights, rather it merely creates a remedy for violations of rights secured by federal statutory and constitutional law.  Gallegos v. City and County of Denver, 984 F.2d 358, 362 (10th Cir. 1993).  Thus, Plaintiff cannot premise her § 1983 claim on an alleged violation of state law, such as the Kansas Open Meetings Act, K.S.A. 75-4317 through 75-4320a ("KOMA"), or board policy/procedure.
[39]    Hershey v. KCKCC, 2017 WL 661581, at *5 (D. Kan. Feb. 17, 2017); *see also* Iqbal, 556 U.S. at 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").
[40]    Hershey at *5.
[41]    Rosenberger v. Rector & Visitors of Univ. of Virginia, 515 U.S. 819, 829 (1995) *(quoting* Lamb's Chapel v. Center Moriches Union Free School Dist., 508 U.S. 384, 390 (1993)).

constitutional right to be on school property.[42]  Under Kansas law, school board meetings are the mechanism by which school boards conduct business.[43]  As recently recognized by this court when analyzing a virtually identical policy, procedure and practice utilized by another Kansas unified school district, the opportunity provide to members of the public to provide comments to a board of education during a board meeting is a limited public forum and the policies, procedures and practices at issue are facially valid.[44]  The facts, as alleged, show that Plaintiff has, at all times, maintained the ability to make comments to the board, even though it may not be in the manner she prefers.

"The First Amendment does not guarantee persons the manner to communicate their views at all times or in any manner that may be desired."[45]  It is clearly settled that "[r]egulations of speech in a nonpublic or limited public forum are subject to the more deferential reasonableness standard."[46]  When the government designates a limited public forum for speech, it may apply

---

[42]    *See* Hirt v. Unified Sch. Dist. No. 287*, 2019 WL 1866321, at *10 (D. Kan. Apr. 24, 2019), *aff'd sub nom.* Clark v. Unified Sch. Dist. No. 287, 822 Fed. Appx. 706 (10th Cir. 2020); McCook v. Spriner Sch. Dist*., 44 F. App'x 896, 910 (10th Cir. 2002) (noting plaintiffs "presented no authority establishing a constitutional right to go onto school property"); Cole v. Montague Bd. of Educ., 145 F. App'x 760, 762 (3rd Cir. 2005) ("As to the claim that the School Board violated the Coles' due process rights by 'illegally' banning them from school property, this contention plainly lacks merit."); Lovern v. Edwards, 190 F.3d 648, 655-56 (4th Cir. 1999) (claim "that school administrators must provide [plaintiff] with boundless access to school property are 'obviously without merit' " (citation omitted)); Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Educ., 42 F.3d 719, 724 (2nd Cir. 1994) ("The Superintendent's order forbidding Silano from entering the school grounds also fails to implicate a protected liberty or property interest."); *Henley v. Octorara Area Sch. Dist.*, 701 F. Supp. 545, 551 (E.D. Pa. 1988) ("The right to come onto the school property was not such a right as to require any sort of a due process hearing before making the classification that excluded Mr. Henley."); Warkevicz v. Berwick Area Sch. Dist., 2016 WL 3753108, at *4 (M.D. Pa. July 14, 2016) ("However, established law in this and other circuits is exactly to the contrary: to ensure the safety and wellbeing of a school district's constituents, removal or exclusion of a member of the public from school district property without a hearing does not violate a constitutional right and consequently is not so actionable."); *cf.* Cyr v. Addison Rutland Supervisory Union, 60 F. Supp. 3d 536, 546 (D. Vt. 2014) ("[T]here is no First Amendment right of access to a school board meeting.").

[43]    City of Madison, Joint Sch. Dist. No. 8 v. Wisconsin Employment Relations Comm'n, 429 U.S. 175, n. 8 (1976) (public bodies "may confine their meetings to specified subject matter"); White v. City of Norwalk, 900 F.2d 1421, 1426 (9th Cir. 1990) ("City Council meeting is still just that, a governmental process with a governmental purpose").

[44]    Gilmore v Beveridge, 2022 WL 3139023 at *7-9 (D.Kan. Aug 5, 2022).

[45]    Heffron v. Int'l Soc'y for Krishna Consciousness, 452 U.S. 640, 647 (1981).

[46]    Summum v. Callaghan, 130 F.3d 906, 916 (10th Cir. 1997).

restrictions to the time, place, and manner of speech.[47]  Moreover, "[w]hen a restriction on speech is aimed not at the content of the speech but at the secondary effects generated by or associated with the speech, the restriction is considered to be content-neutral."[48]  Such restrictions are valid so long as those restrictions are "narrowly tailored to serve a significant government interest and [they] leave open ample alternative channels for communication of the information."[49]  Alternative channels of communication need not be the best means of communication, so long as the intended audience can still be reached.[50]  Finally, "[t]here is significant governmental interest in conducing orderly, efficient meetings of public bodies."[51]  Against this framework, each of Plaintiff's claims fail.

As concluded in Gilmore, USD No. 497's policies, procedures and practices governing how individuals, in general, and Plaintiff, in particular, communicate with the school board are not facially invalid under the First Amendment.  "For a school board to function, it must be able to keep its meeting in order[.]"[52]  This includes allowing a presiding officer to make judgment calls and "regulate irrelevant debate."[53]  "Facial challenges for vagueness and overbreadth involve a common preliminary inquiry about the statute's effect on constitutionally protected activity."[54]  To mount a facial vagueness challenge, Plaintiff must show that the potential chilling effect on protected expression is "both real and substantial."[55]  The Tenth Circuit has described vagueness

---

[47]    McCullen v. Coakley, 573 U.S. 464, 477 (2014); see Lowery v. Jefferson Cnty. Bd of Educ., 586 F.3d 427, 433 (6th Cir. 2009) (policy valid where public comment was permitted so long as comments did not exceed five minutes and the content of their speech was "not frivolous, repetitive, nor harassing").
[48]    Farnsworth v. City of Mulvane, Kan., 660 F.Supp.2d 1217, 1225 (D. Kan. 2009) (internal quotes and citations omitted).
[49]    Id.
[50]    Phelps-Roper v. Strickland, 539 F.3d 356, 372-73 (6th Cir. 2008).
[51]    Rowe v. City of Cocoa, Fla, 358 F.3d 800, 803 (11th Cir. 2004).
[52]    Lowery v. Jefferson Cnty. Bd. of Educ. 586 F.3d 427, 436 (6th Cir. 2009).
[53]    Jones v. Heyman, 888 F.2d 1328, 1333 (11th Cir. 1989).
[54]    Jordan v. Pugh, 425 F.3d 820, 828 (10th Cir. 2005).
[55]    Erznoznik v. City of Jacksonville, 422 U.S. 205, 216 (1975).

challenges as "strong medicine" requiring the court to be "vigilant in applying a most exacting analysis to such claims."[56]  Plaintiff must show that the challenged policy is impermissibly vague in all of its applications.[57]  "[S]peculation about possible vagueness in hypothetical situations not before the court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications."[58]  Nothing in USD No. 497's current or former policies or procedures are vague such that a person with ordinary intelligence would not understand what is prohibited.

To establish a First Amendment retaliation claim (Counts Iv & V), Plaintiff is required to show "that (a) he or she was engaged in constitutionally protected activity; (b) the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (c) the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct."[59]  To establish injury, Plaintiff must further show that Defendant Jones's actions would chill a person of ordinary firmness.[60]  This "standard for evaluating that chilling effect is objective" and "vigorous."[61]  Plaintiff fails the first prong of this test because she premises his retaliation claim on his efforts to disrupt the school board meetings by refusing to abide by school district policies and procedures rather than any actual protected 1st Amendment activity.  Plaintiff further fails the second prong as, evident by the fact that Plaintiff continued to appear and speak to the board, there was clearly no chilling effect on his speech.

---

[56]    Ward v. Utah, 398 F.3d 1239, 1246 (10th Cir. 2005).
[57]    Id. at 1251.
[58]    Hill v. Colorado, 530 U.S. 703, 733 (2000).
[59]    Hirt v. U.S.D. No. 287, 2019 WL 1866321, at *17 (D. Kan. 2019), aff'd sub nom. Clark v. U.S.D. No. 287, 822 Fed. Appx. 706 (10th Cir. 2020) (quoting and citing Van Deelen v. Johnson, 497 F.3d 1151, 1155-56 (10th Cir. 2007); Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000) cert. denied, 533 U.S. 916 (2001)).
[60]    See Eaton v. Meneley, 379 F.3d 949, 953 (10th Cir. 2004).
[61]    Id. at 953, 955.

Similarly, to the extent Plaintiff is asserting a due process claim under the 14th Amendment, she has not plead any facts which would establish that any action by Defendant Jones violated his clearly established rights to due process. Defendant Jones is basically alleged to have presided over the meeting and maintain order during the meeting. No due process rights are implicated by any action of Jones directed at Plaintiff that is identified in Plaintiff's Complaint (ECF No. 1).

**3.** **Plaintiff's claims premised on the Kansas Preservation of Religious Freedom Act ("KPRFA") should be dismissed.**[62] To the extent a claim could be pursued against Defendant Jones in her individual capacity, such claim fails to state a claim upon which relief can be granted as Plaintiff fails to plead sufficient facts, as opposed to conclusory allegations, demonstrating that any Defendant engaged in conduct which would create a claim under the KPRFA. No facts are presented suggesting that Defendant Jones did anything to implicate Plaintiff's rights under the KPRFA.

Further, to the extent the federal claims asserted against Defendant Jones are dismissed, this Court should decline to exercise supplemental jurisdiction over the KPRFA pursuant to 28 U.S.C. § 1367.

**IV.** **Conclusion.** Defendant Jones is not alleged to have personally taken any action or inaction that would establish any liability to Plaintiff under the causes plead and relief sought. Accordingly, all of the claims against Defendant Jones in Plaintiff's Complaint (ECF No. 1) should be dismissed and Defendant Jones should be awarded her costs, including her reasonable attorneys' fees, and any additional relief this Court deems appropriate.

---

[62] K.S.A. 60-5303(a).

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas  66103
Telephone:     (913) 371-3838
Facsimile:     (913) 371-4722
E-mail:        ggoheen@mvplaw.com

By:   /s/ Gregory P. Goheen
        Gregory P. Goheen            #16291

Attorneys for Defendant Kelly Jones

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to:

Linus L. Baker
6732 West 185th Terrace
Stilwell, KS 66085
Attorneys for Plaintiff

/s/ Gregory P. Goheen